IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:15-cv-665-FL

| | | |
|---|---|---|
| CHARLES FRAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER AND AFFIRMATIVE** |
| | ) | **DEFENSES OF DEFENDANT DENNIS** |
| DENNIS LYON RILEY, III, in his | ) | **LYON RILEY, III** |
| individual capacity, and ERIC M. | ) | |
| VIGEANT, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Defendant, DENNIS LYON RILEY, III (hereinafter "Riley" or "Defendant"), by and through his undersigned counsel, and for his answer to the Complaint filed by Plaintiff Charles Frails ("Plaintiff") states as follows:

## FIRST DEFENSE

Defendant Riley hereby responds to the specifically numbered allegations contained in the Complaint as follows:

## INTRODUCTION

1.     The allegations contained in the first sentence of Paragraph 1 of the Complaint are admitted.  The allegations contained in the second and third sentences of Paragraph 1 of the Complaint are denied.  In response to the allegations contained in the fourth sentence of Paragraph 1 of the Complaint, it is admitted that Plaintiff was lawfully searched during a traffic stop initiated by Defendant Riley on the night of April 2, 2014.  Except as expressly admitted, the allegations contained in the fourth sentence of

Paragraph 1 of the Complaint are denied. The allegations contained in the fifth, sixth, seventh and eighth sentences of Paragraph 1 of the Complaint are denied. The allegations contained in the ninth sentence of Paragraph 1 of the Complaint are admitted.

2. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and, therefore, said allegations are denied.

3. The allegations contained in Paragraph 3 of the Complaint are denied.

4. The allegations contained in Paragraph 4 of the Complaint are denied.

### JURISDICTION AND VENUE

5. In response to the allegations contained in Paragraph 5 of the Complaint, Defendant Riley admits that Plaintiff seeks damages and other relief arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution and under North Carolina law, although it is denied that Plaintiff is entitled to the relief sought. The remaining allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed necessary to the remaining allegations contained in Paragraph 5 of the Complaint, said allegations are denied. It is specifically denied that Defendant Riley deprived Plaintiff of any of his rights under the Fourth and/or Fourteenth Amendment of the United States Constitution or any other law.

6. The allegations contained in Paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent that a response is deemed

necessary to the allegations contained in Paragraph 6 of the Complaint, the allegations are denied.

7.    In response to the allegations contained in the first sentence of Paragraph 7 of the Complaint, it is admitted that most of the key events at issue in this lawsuit occurred in this judicial district, although it is specifically denied that the events occurred as alleged.   The allegations contained in the second sentence of Paragraph 7 of the Complaint are legal conclusions to which no response is required.   To the extent that a response is deemed necessary to the allegations contained in the second sentence of Paragraph 7 of the Complaint, the allegations are denied.

## PARTIES

8.    In response to the allegations contained in Paragraph 8 of the Complaint, it is admitted that Plaintiff is an African American male.   Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the Complaint and, therefore, said allegations are denied.

9.    The allegations contained in Paragraph 9 of the Complaint are admitted.

10.    The allegations contained in Paragraph 10 of the Complaint are not directed to this answering Defendant and therefore no response is required.   To the extent that a response is deemed necessary to the allegations contained in Paragraph 10 of the Complaint, the allegations are admitted upon information and belief.

## FACTS

11.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint and, therefore, said allegations are denied.

12.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint and, therefore, said allegations are denied.

13.     The allegations contained in Paragraph 13 of the Complaint are denied.

14.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 14 of the Complaint and, therefore, said allegations are denied.  In response to the allegations contained in the second sentence of Paragraph 14 of the Complaint, it is admitted that Plaintiff and Lance Dickson ("Dickson") are both African American men.  Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in the second sentence of Paragraph 14 of the Complaint.

15.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Complaint and, therefore, said allegations are denied.

16.     The allegations contained in Paragraph 16 of the Complaint are denied.

17.     It is admitted that at the point in time as described the first sentence of Paragraph 17 of the Complaint that Defendant Riley did not know who was driving or who was a passenger in the vehicle.  It is further admitted that Defendant Riley later

determined during the traffic stop that Dickson was driving and that Plaintiff was a passenger in the vehicle. The allegations contained in the second sentence of Paragraph 17 of the Complaint are admitted upon information and belief. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 17 of the Complaint and, therefore, said allegations are denied.

18. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 18 of the Complaint and, therefore, said allegations are denied. In response to the allegations contained in the second and third sentences of Paragraph 18 of the Complaint, it is admitted that on the night of April 2, 2014, Defendant Riley observed a vehicle, which he later determined was being driven by Dickson, being driven on Raleigh Boulevard and turn onto Brentwood Road. It is also admitted that on the night of April 2, 2014, Defendant Riley believed that the vehicle was traveling in excess of the speed limit. It is further admitted that on the night of April 2, 2014, that Defendant Riley observed the vehicle make an illegal right-hand turn from Brentwood Road onto Capital Boulevard in violation of N.C. Gen. Stat. § 20-153(a) by failing to turn into the far right-hand lane. It is further admitted that Defendant Riley observed that the license plate on the vehicle was partially covered in violation of N.C. Gen. Stat. § 20-63(g). It is further admitted that subsequent to observing the aforementioned traffic violations, that Defendant Riley activated the blue lights of his patrol car in order to initiate a traffic stop of the vehicle. It is further admitted that the driver of the vehicle failed to immediately stop the vehicle

and, instead, drove for some distance prior to making a right-hand turn into the parking lot of a McDonald's located at 3026 Capital Boulevard, in Raleigh, North Carolina ("McDonald's"). Except as expressly admitted, the allegations in the second and third sentences of Paragraph 18 of the Complaint are denied.

19.     In response to the allegations contained in Paragraph 19 of the Complaint, it is admitted that after pulling into the McDonald's parking lot behind the vehicle, that Defendant Riley exited his patrol car, spoke to the driver of the vehicle, and determined that the driver was Dickson. Except as expressly admitted, the allegations contained in Paragraph 19 of the Complaint are denied.

20.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 20 of the Complaint and, therefore, said allegations are denied. In response to the allegations contained in the second sentence of Paragraph 20 of the Complaint, it is admitted that Defendant Riley initiated the traffic stop of the vehicle on the night of April 2, 2014, because Defendant Riley believed that the driver of the vehicle had been speeding, because the driver had made an illegal right-hand turn, and because the license plate on the vehicle was partially covered. The allegations contained in the second sentence of Paragraph 20 of the Complaint are denied.

21.     The allegations contained in Paragraph 21 of the Complaint are denied. In further response to the allegations contained in Paragraph 21 of the Complaint, it is admitted that on the night of April 2, 2014, that Defendant Riley believed that the vehicle was traveling in excess of the speed limit. It is further admitted that on the night of April

2, 2014, that Defendant Riley observed the vehicle make an illegal right-hand turn from Brentwood Road onto Capital Boulevard in violation of N.C. Gen. Stat. § 20-153(a) by failing to turn into the far right-hand lane. It is further admitted that Defendant Riley observed that the license plate on the vehicle was partially covered in violation of N.C. Gen. Stat. § 20-63(g). It is further admitted that subsequent to observing the aforementioned traffic violations, that Defendant Riley activated the blue lights of his patrol car in order to initiate a traffic stop of the vehicle. It is further admitted that the driver of the vehicle failed to immediately stop the vehicle and, instead, drove some distance prior to making a right-hand turn into the parking lot of a McDonald's.

22. The allegations contained in Paragraph 22 of the Complaint are denied. It is expressly denied that Defendant Riley was aware of the race of the driver or passenger of the vehicle prior to stopping the vehicle on the night of April 2, 2014.

23. The allegations contained in Paragraph 23 of the Complaint are admitted. In further response to the allegations contained in Paragraph 23 of the Complaint, it is also admitted that Defendant Riley took Dickson's identification and Plaintiff's identification and the registration for the vehicle that Dickson was driving and went back to his patrol car. It is further admitted that while in his patrol car that Defendant Riley reviewed Plaintiff's criminal record, which indicated that Plaintiff had six different criminal charges that were then currently pending against him in Wilson County, North Carolina, including: (1) misdemeanor possession of a prescription drug not in the prescribed container; (2) felony possession of a Schedule I controlled substance; (3) felony possession of a firearm by a felon; (4) misdemeanor child abuse; (5) felony

possession of a weapon of mass destruction; and (6) felony possession with intent to manufacture, sell or deliver a controlled substance. It is further admitted that in addition to the six charges that were then currently pending against Plaintiff in Wilson County, that Plaintiff's criminal record reviewed by Defendant Riley indicated that Plaintiff had been charged with numerous other felony and misdemeanor criminal offenses in Wilson County and Wake County.

24.     The allegations contained in Paragraph 24 of the Complaint are admitted. In further response to the allegations contained in Paragraph 24 of the Complaint, it is admitted that on the night of April 2, 2014, Defendant Riley issued a request for a "check in" after he initiated the traffic stop of the vehicle being driven by Dickson on the night of April 2, 2014. It is also admitted that in response to Defendant Riley's request for a "check in" that Officer Eric Vigent ("Defendant Vigeant") subsequently arrived at the McDonald's in order to assist Defendant Riley with the traffic stop.

25.     In response to the allegations contained in Paragraph 25 of the Complaint, it is admitted that during the traffic stop initiated on the night of April 2, 2014, that someone arrived at the McDonald's and began video recording the traffic stop. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25 of the Complaint and, therefore, said allegations are denied.

26.     To the extent that the allegations contained in the first sentence of Paragraph 26 of the Complaint are directed towards this answering Defendant, Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the

allegations contained in the first sentence of Paragraph 26 of the Complaint and, therefore, said allegations are denied. To the extent that the allegations contained in the second sentence of Paragraph 26 of the Complaint are directed towards this answering Defendant, the allegations are admitted upon information and belief. To the extent that the allegations contained in the third sentence of Paragraph 26 of the Complaint are directed towards this answer Defendant, Defendant Riley admits that during the traffic stop he directed Dickson to step out of the vehicle that he was driving and admits upon information and belief that Defendant Vigeant directed Plaintiff to step out of the vehicle Dickson was driving.

27.     To the extent that the allegations contained in Paragraph 27 of the Complaint are directed towards this answering Defendant, Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint and, therefore, said allegations are denied.

28.     In response to the allegations contained in Paragraph 28 of the Complaint, it is denied that Defendant Riley heard Defendant Vigeant make any such statement. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28 of the Complaint and, therefore, said allegations are denied.

29.     In response to the allegations contained in Paragraph 29 of the Complaint, it is admitted that during the traffic stop initiated on the night of April 2, 2014, that Dickson was moved several feet away from the vehicle that had been stopped and that Dickson was frisked by Defendant Riley. It is further admitted that during the traffic stop

that Defendant Vigeant informed Defendant Riley that he smelled the odor of marijuana coming from Plaintiff. It is further admitted that during the traffic stop that Defendant Riley conducted a lawful search of the vehicle driven by Dickson and that during his search of the vehicle that Defendant Riley discovered marijuana residue and a pack of rolling papers in the vehicle. It is further admitted that during the traffic stop that Defendant Riley conducted a lawful search of Dickson, asked Dickson to take off his shoes and that Defendant Riley could smell a strong odor of fresh marijuana coming from one of Dickson's shoes. It is further admitted that Defendant Riley asked Dickson whether he had anything in his shoes and that Dickson responded "no." It is further admitted that Defendant Riley asked Dickson whether he had anything in his socks and that Dickson responded "no." It is further admitted that Defendant Riley lawfully searched Dickson and discovered a bag of marijuana concealed in one of Dickson's socks. It is further admitted that Dickson denied that the marijuana that was concealed in his sock was actually his. It is further admitted that at some point in time during the traffic stop that Dickson began to yell that, among other things, that Defendant Riley was a racist. It is further admitted that Defendant Riley arrested Dickson and that Dickson was charged with possession of marijuana in violation of N.C. Gen. Stat. § 90-95(D)(4) and violation of N.C. Gen. Stat. § 90-108(A)(7). Except as expressly admitted, the allegations contained in Paragraph 29 of the Complaint are denied.

30. The allegations contained in the first sentence of Paragraph 30 of the Complaint are admitted. The allegations contained in the second sentence of Paragraph 30 of the Complaint are denied upon information and belief.

31.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 31 of the Complaint and, therefore, said allegations are denied.  The allegations contained in the second sentence of Paragraph 31 of the Complaint are denied upon information and belief.

32.     To the extent that the allegations contained in Paragraph 32 of the Complaint are directed towards this answering Defendant, it is admitted that at some point in time during the traffic stop that Defendant Riley asked Dickson whether he would consent to a search of the vehicle and that Dickson responded "no."  It is further admitted that Dickson subsequently indicated to Defendant Riley that the vehicle could be searched and stated words to the effect that he had "nothing to hide."  Except as expressly admitted, the allegations contained in Paragraph 32 of the Complaint are denied.

33.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Complaint and, therefore, said allegations are denied.

34.     To the extent that the allegations contained in Paragraph 34 of the Complaint are directed towards this answering Defendant, it is denied that Defendant Riley told Dickson that because Dickson denied consent to search his vehicle that the K-9 unit would be called.  Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 34 of the Complaint and, therefore, said allegations are denied.

35.     The allegations contained in the first sentence of Paragraph 35 of the Complaint are denied.  The allegations contained in the second sentence of Paragraph 35 of the Complaint are admitted.  The allegations contained in the third sentence of Paragraph 35 of the Complaint are denied.

36.     To the extent that the allegations contained in the first sentence of Paragraph 36 of the Complaint are directed towards this answering Defendant, it is admitted that Defendant Riley began to search the vehicle driven by Dickson prior to a Raleigh Police Department K-9 Unit arriving.  Except as expressly admitted, the allegations contained in the first sentence of Paragraph 36 of the Complaint are denied.  Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained the second and third sentences of Paragraph 36 of the Complaint and, therefore, said allegations are denied.

37.     The allegations contained in Paragraph 37 of the Complaint are denied.

38.     In response to the allegations contained in the first sentence of Paragraph 38 of the Complaint, Defendant Riley admits that during the traffic stop initiated on the night of April 2, 2014, that Defendant Riley requested that a Raleigh Police Department K-9 Unit come to the traffic stop and that a Raleigh Police Department K-9 Unit subsequently arrived at the McDonald's.  Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in the first sentence of Paragraph 38 of the Complaint and, therefore, said allegations are denied.  Defendant Riley is without sufficient information to form a belief

as to the truth or falsity of the allegations contained in the second sentence of Paragraph 38 of the Complaint and, therefore, said allegations are denied.

39.     In response to the allegations contained in Paragraph 39 of the Complaint, Defendant Riley admits that during the traffic stop initiated on the night of April 2, 2014, that he arrested Dickson for possession of the marijuana that was found hidden in Dickson's sock.  Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 39 of the Complaint and, therefore, said allegations are denied.

40.     In response to the allegations contained in the first sentence of Paragraph 40 of the Complaint, it is admitted that during the traffic stop initiated on the night of April 2, 2014, that Plaintiff was searched once by Defendant Riley and twice by Defendant Vigeant.  Except as expressly admitted, the allegations contained in the first sentence of Paragraph 40 of the Complaint are denied.  The allegations contained in the second sentence of Paragraph 40 of the Complaint are denied.  Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the third sentence of Paragraph 40 of the Complaint and, therefore, said allegations are denied.

41.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Complaint and, therefore, said allegations are denied.

42.     In response to the allegations contained in the first sentence of Paragraph 42, it is admitted that the vehicle that was stopped by Defendant Riley on the night of

April 2, 2014, was searched more than once. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in the first sentence of Paragraph 42 of the Complaint and, therefore, said allegations are denied. The allegations contained in the second sentence of Paragraph 42 of the Complaint are denied.

43. In response to the allegations contained in the first sentence of Paragraph 43 of the Complaint, it is admitted that during the traffic stop initiated on the night of April 2, 2014, that Plaintiff was detained in the McDonald's parking lot subsequent to the arrest of Dickson. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in the first sentence of Paragraph 43 of the Complaint and, therefore, said allegations are denied. The allegations contained in the second sentence of Paragraph 43 of the Complaint are admitted upon information and belief. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in the third sentence of Paragraph 43 of the Complaint and, therefore, said allegations are denied.

44. The allegations contained in the first and second sentences of Paragraph 44 of the Complaint are denied. In response to the allegations contained in the third sentence of Paragraph 44 of the Complaint, it is admitted that during the traffic stop initiated on the night of April 2, 2014, that Plaintiff was lawfully detained for a certain period of time in the McDonald's parking lot. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations

contained in the third sentence of Paragraph 44 of the Complaint and, therefore, said allegations are denied.

45. The allegations contained in Paragraph 45 of the Complaint are denied.

46. In response to the allegations contained in the first sentence of Paragraph 46 of the Complaint, it is admitted that during the traffic stop on the night of April 2, 2014, that Plaintiff was informed that he was not under arrest and that he was being detained. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in the first sentence of Paragraph 46 of the Complaint and, therefore, said allegations are denied. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 46 of the Complaint and, therefore, said allegations are denied. In response to the allegations contained in the third sentence of Paragraph 46 of the Complaint, it is admitted that that at some point in time during the traffic stop initiated on the night of April 2, 2014, that Defendant Vigeant handcuffed Plaintiff. Except as expressly admitted, the allegations contained in the third sentence of Paragraph 46 of the Complaint are denied. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the fourth sentence of Paragraph 46 of the Complaint and, therefore, said allegations are denied.

47. In response to the allegations contained in Paragraph 47 of the Complaint, it is admitted that during the traffic stop initiated on the night of April 2, 2014, that

Defendant Vigeant directed Plaintiff to a patrol car. Except as expressly admitted, the allegations contained in Paragraph 47 of the Complaint are denied.

48.     In response to the allegations contained in Paragraph 48 of the Complaint, it is admitted that that during the traffic stop initiated on the night of April 2, 2014, that Defendant Vigeant directed Plaintiff to a patrol car, that Plaintiff entered the patrol car and that Defendant Vigeant drove Plaintiff to the City of Raleigh Northeast Outreach Center, which is in the Mini City Shopping Center and located at 4544 Capital Boulevard in Raleigh, North Carolina. It is also admitted that Defendant Vigeant drove Plaintiff to the City of Raleigh Northeast Outreach Center in order to protect Plaintiff's privacy while a lawful strip search was performed. It is also admitted that during the traffic stop initiated on the night of April 2, 2014, that Defendant Riley arrested Dickson for possession of marijuana, directed Dickson to a patrol car and that Dickson entered the patrol car. It is further admitted that during the traffic stop initiated on the night of April 2, 2014, that Defendant Riley contacted a Sergeant in the Raleigh Police Department regarding the traffic stop, discussed a strip search of Plaintiff and drove Dickson to the City of Raleigh Northeast Outreach Center. Except as expressly admitted, the allegations contained in Paragraph 48 of the Complaint are denied.

49.     The allegations contained in Paragraph 49 of the Complaint are denied upon information and belief.

50.     The allegations contained in Paragraph 50 of the Complaint are denied. It is specifically denied that the City of Raleigh Northeast Outreach Center is an "empty commercial space in the mall." It is also specifically denied that as of the evening of

April 2, 2014, and/or morning of April 3, 2014: (i) that there were "no signs indicating what was inside" the City of Raleigh Northeast Outreach Center; or (ii) that the City of Raleigh Northeast Outreach Center "appeared entirely vacant." In further response to the allegations contained in Paragraph 50 of the Complaint it is admitted that Plaintiff was directed to enter the City of Raleigh Northeast Outreach Center in order to protect Plaintiff's privacy while a lawful strip search was performed.

51.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 51 of the Complaint and, therefore, said allegations are denied.

52.     The allegations contained in Paragraph 52 of the Complaint are denied.

53.     Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of Paragraph 53 of the Complaint and, therefore, said allegations are denied. The allegations contained in the third sentence of Paragraph 53 of the Complaint are denied. The allegations contained in the fourth sentence of Paragraph 53 of the Complaint are admitted.

54.     In response to the allegations contained in Paragraph 54 of the Complaint, it is admitted that when Defendant Riley arrived at the City of Raleigh Northeast Outreach Center that he exited his patrol car and that Dickson subsequently exited Defendant Riley's patrol car. It is further admitted that both Plaintiff and Dickson were subsequently escorted into the City of Raleigh Northeast Outreach Center. It is further admitted that once inside the City of Raleigh Northeast Outreach Center that Dickson was seated in a chair while handcuffed. It is further admitted that once inside the City of

Raleigh Northeast Outreach Center that Plaintiff was escorted into a room with no windows in order to protect Plaintiff's privacy while a lawful strip search was performed by Defendant Vigeant. It is further admitted that while Defendant Vigeant performed the lawful strip search of Plaintiff that Defendant Riley stood at the doorway of the room in order to observe the strip search and to also observe Dickson. Except as expressly admitted, the allegations contained in Paragraph 54 of the Complaint are denied.

55. In response to the allegations contained in Paragraph 55 of the Complaint, it is admitted that while in the City of Raleigh Northeast Outreach Center that Defendant Vigeant removed the handcuffs that he had placed on Plaintiff while Plaintiff faced a wall. It is also admitted that while Plaintiff faced Defendant Vigeant that Defendant Vigeant conducted a lawful strip search of Plaintiff and, as part of that strip search, Defendant Vigeant instructed Plaintiff to remove his articles of clothing one-at-a-time so that the articles of clothing could be searched. Except as expressly admitted, the allegations contained in Paragraph 55 of the Complaint are denied.

56. In response to the allegations contained in Paragraph 56 of the Complaint, it is admitted that while in the City of Raleigh Northeast Outreach Center that Defendant Vigeant removed the handcuffs that he had placed on Plaintiff while Plaintiff faced a wall. It is also admitted that while in the City of Raleigh Northeast Outreach Center that a lawful strip search was conducted by Defendant Vigeant of the Plaintiff and, as part of that lawful strip search, that Defendant Vigeant instructed Plaintiff to remove his articles of clothing one-at-a-time so that the articles of clothing could be searched. It is further admitted that the lawful strip search conducted by Defendant Vigeant included Plaintiff

removing all of Plaintiff's clothing. Except as expressly admitted, the allegations contained in Paragraph 56 of the Complaint are denied.

57. In response to the allegations contained in Paragraph 57 of the Complaint, it is admitted that the lawful strip search conducted by Defendant Vigeant of the Plaintiff included a visual inspection of Plaintiff's body from afar. Except as expressly admitted, the allegations contained in Paragraph 57 of the Complaint are denied.

58. The allegations contained in Paragraph 58 of the Complaint are denied.

59. It is admitted that during the strip search of Plaintiff that the Defendants found no weapons, contraband, or evidence of criminal activity on Plaintiff.

60. In response to the allegations contained in the Paragraph 60 of the Complaint, it is admitted that after Defendant Vigeant conducted the lawful strip search of Plaintiff that Defendant Vigeant told Plaintiff to get dressed. It is also admitted that once Plaintiff was dressed that Dickson, Plaintiff, Defendant Riley and Defendant Vigeant all exited the City of Raleigh Northeast Outreach Center. It is also admitted that after Dickson exited the City of Raleigh Northeast Outreach Center that Defendant Riley escorted Dickson into his patrol car. It is also admitted that after Plaintiff exited the City of Raleigh Northeast Outreach Center that Defendant Vigeant asked Plaintiff whether he wanted a ride back to the vehicle located at the McDonald's and that the Plaintiff responded with words to the effect that someone was going to come pick him up. It is also admitted after Plaintiff told Defendant Vigeant words to the effect that someone was going to come pick him up that Plaintiff walked away from the City of Raleigh Northeast Outreach Center. It is further admitted that at some point in time that Defendant Riley

Page 19

left to transport Dickson to jail. Except as expressly admitted, the allegations contained in Paragraph 60 of the Complaint are denied.

61. The allegations contained in the first sentence of Paragraph 61 of the Complaint are denied. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the second and third sentences of Paragraph 61 of the Complaint and, therefore, said allegations are denied.

62. In response to the allegations contained in the first sentence of Paragraph 62 of the Complaint, it is admitted that Dickson did not receive a ticket for any traffic violations. Except as expressly admitted, the allegations contained in the first sentence of Paragraph 62 of the Complaint are denied. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 62 of the Complaint and, therefore, said allegations are denied. The allegations contained in the third sentence of Paragraph 62 of the Complaint are admitted.

63. In response to the allegations contained in Paragraph 63 of the Complaint, Defendant Riley admits that he is aware that Plaintiff filed a complaint with the Raleigh Police Department regarding the events of April 2 and 3, 2014. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 63 of the Complaint and, therefore, said allegations are denied.

64. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 64 of the

Complaint and, therefore, said allegations are denied. The allegations contained in the second sentence of Paragraph 64 of the Complaint are admitted.

65. In response to the allegations contained in Paragraph 65 of the Complaint, it is admitted that Plaintiff's complaint that involved Departmental Rule 1110-08 Searches and Seizures was sustained during the Raleigh Police Department's Internal Affairs Investigation. It is further admitted that the Raleigh Police Department's Office of Professional Standards concluded, in part, that the strip search of the Plaintiff was not illegal as it pertains to statute, or legal precedent. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 65 of the Complaint and, therefore, said allegations are denied.

### FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 and U.S. Const. Amend. IV)**

66. Defendant Riley realleges and incorporates herein by reference his responses to Paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67. It is admitted that Plaintiff seeks to sue Defendants in their individual capacities, but it is denied that this answering Defendant is liable to Plaintiff in any capacity. Except as expressly admitted, the allegations contained in Paragraph 67 of the Complaint are denied.

68. The allegations contained in Paragraph 68 of the Complaint are denied.

69. The allegations contained in Paragraph 69 of the Complaint are denied.

70. The allegations contained in Paragraph 70 of the Complaint are denied.

71. The allegations contained in Paragraph 71 of the Complaint are denied.

72.     The allegations contained in Paragraph 72 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 72 of the Complaint, said allegations are admitted.

73.     The allegations contained in the first sentence of Paragraph 73 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in the first sentence of Paragraph 73 of the Complaint, said allegations are denied as it is denied that Defendant Riley engaged in the actions in the manner as alleged in the Complaint.  The allegations contained in the second sentence of Paragraph 73 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in the second sentence of Paragraph 73 of the Complaint, said allegations are denied as stated.

74.     The allegations contained in Paragraph 74 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 74 of the Complaint, said allegations are denied.  Except as expressly admitted herein, it is specifically denied that Defendant Riley engaged in the actions as alleged in the Complaint.

75.     The allegations contained in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 75 of the Complaint, said allegations

are denied.  Except as expressly admitted herein, it is specifically denied that Defendant Riley engaged in the actions as alleged in the Complaint.

76.     The allegations contained in Paragraph 76 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 76 of the Complaint, said allegations are denied.  Except as expressly admitted herein, it is specifically denied that Defendant Riley engaged in the actions as alleged in the Complaint.

77.     The allegations contained in Paragraph 77 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 77 of the Complaint, said allegations are denied.  It is specifically denied that the actions of Defendant Riley were malicious, willful, wanton, and/or demonstrated a reckless disregard for Plaintiff's rights.  It is also specifically denied that Plaintiff is entitled to recover punitive damages from Defendant Riley.

## SECOND CAUSE OF ACTION
### (42.S.C. § 1983 and U.S. Const. Amend. XIV)

78.     Defendant Riley realleges and incorporates herein by reference his responses to Paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79.     It is specifically denied that Defendant Riley regularly targets individuals for traffic stops and for searches incident to traffic stops on the basis of race, and, therefore, the allegations contained in Paragraph 79 of the Complaint are denied.

80. It is specifically denied that Defendant Riley targeted Plaintiff for alleged misconduct because of Plaintiff's race and it is also specifically denied that if Plaintiff were not African American, he would not have been detained, searched, or strip searched on the evening of April 2, 2014, and/or the morning of April 3, 2014, and, therefore, the allegations contained in Paragraph 80 of the Complaint are denied. It is also specifically denied that Plaintiff was arrested on the evening of April 2, 2014, and/or the morning of April 3, 2014.

81. The allegations contained in Paragraph 81 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 81 of the Complaint, said allegations are admitted.

82. The allegations contained in Paragraph 82 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 82 of the Complaint, said allegations are denied.

83. The allegations contained in Paragraph 83 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 83 of the Complaint, said allegations are denied.

84. The allegations contained in Paragraph 84 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 84 of the Complaint, said allegations

are denied.  It is specifically denied that Defendant Riley engaged in unlawful or unconstitutional conduct.

85.     The allegations contained in Paragraph 85 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 85 of the Complaint, said allegations are denied.  It is specifically denied that the actions of Defendant Riley were malicious, willful, wanton, and/or demonstrated a reckless disregard for Plaintiff's rights.  It is also specifically denied that Plaintiff is entitled to recover punitive damages from Defendant Riley.

## THIRD CAUSE OF ACTION
### (False Imprisonment and False Arrest)

86.     Defendant Riley realleges and incorporates herein by reference his responses to Paragraphs 1 through 85 of the Complaint as if fully set forth herein.

87.     It is admitted that Plaintiff seeks to sue Defendants in their individual capacities, but it is denied that this answering Defendant is liable to Plaintiff in any capacity.  Except as expressly admitted, the allegations contained in Paragraph 87 of the Complaint are denied.

88.     The allegations contained in Paragraph 88 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 88 of the Complaint, it is admitted that Plaintiff was lawfully restrained during the traffic stop that was initiated on the evening

of April 2, 2014. Except as expressly admitted, the allegations contained in Paragraph 88 of the Complaint are denied.

89. The allegations contained in Paragraph 89 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 89 of the Complaint, it is admitted that Plaintiff was lawfully restrained during the traffic stop that was initiated on the evening of April 2, 2014. Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 89 of the Complaint.

90. The allegations contained in Paragraph 90 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 90 of the Complaint, said allegations are denied.

91. The allegations contained in Paragraph 91 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 91 of the Complaint, said allegations are denied.

92. The allegations contained in Paragraph 92 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 92 of the Complaint, said allegations are denied. It is specifically denied that Defendant Riley engaged in unlawful or unconstitutional conduct.

93.     The allegations contained in Paragraph 93 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 93 of the Complaint, said allegations are denied.   It is specifically denied that Defendant Riley's actions were done maliciously, willfully, wantonly or in a manner that demonstrated a reckless disregard for Plaintiff's rights.  It is also specifically denied that Plaintiff is entitled to recover punitive damages from Defendant Riley.

### FOURTH CAUSE OF ACTION
#### (Assault)

94.     Defendant Riley realleges and incorporates herein by reference his responses to Paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95.     It is admitted that Plaintiff seeks to sue Defendants in their individual capacities, but it is denied that this answering Defendant is liable to Plaintiff in any capacity.  Except as expressly admitted, the allegations contained in Paragraph 95 of the Complaint are denied.

96.     The allegations contained in Paragraph 96 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 96 of the Complaint, said allegations are denied.

97.     The allegations contained in Paragraph 97 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed

required to the allegations contained in Paragraph 97 of the Complaint, said allegations are denied.

98.     The allegations contained in Paragraph 98 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 98 of the Complaint, said allegations are denied.

99.     The allegations contained in Paragraph 99 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 99 of the Complaint, the allegations are denied.   It is specifically denied that Defendant Riley engaged in unlawful or unconstitutional conduct.

100.    The allegations contained in Paragraph 100 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 100 of the Complaint, said allegations are denied.   It is specifically denied that the actions of Defendant Riley were malicious, willful, wanton, and/or demonstrated a reckless disregard for Plaintiff's rights. It is also specifically denied that Plaintiff is entitled to recover punitive damages from Defendant Riley.

## FIFTH CAUSE OF ACTION
### (Battery)

101.    Defendant Riley realleges and incorporates herein by reference his responses to Paragraphs 1 through 100 of the Complaint as if fully set forth herein.

102.   It is admitted that Plaintiff seeks to sue Defendants in their individual capacities, but it is denied that this answering Defendant is liable to Plaintiff in any capacity.  Except as expressly admitted, the allegations contained in Paragraph 102 of the Complaint are denied.

103.   In response to the allegations contained in Paragraph 103 of the Complaint, it is admitted that on the evening of April 2, 2014, and/or the morning of April 3, 2014, that Plaintiff was lawfully detained.  Defendant Riley is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 103 of the Complaint.

104.   The allegations contained in Paragraph 104 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 104 of the Complaint, said allegations are denied.

105.   The allegations contained in Paragraph 105 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 105 of the Complaint, said allegations are denied.

106.   The allegations contained in Paragraph 106 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is deemed required to the allegations contained in Paragraph 106 of the Complaint, the allegations are denied.  It is specifically denied that Defendant Riley engaged in unlawful or unconstitutional conduct.

107. The allegations contained in Paragraph 107 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 107 of the Complaint, said allegations are denied. It is denied that the actions of Defendant Riley were malicious, willful, wanton, and/or demonstrated a reckless disregard for Plaintiff's rights. It is also specifically denied that Plaintiff is entitled to recover punitive damages from Defendant Riley.

## SIXTH CAUSE OF ACTION
### (Trespass to Personal Property)

108. Defendant Riley realleges and incorporates herein by reference his responses to Paragraphs 1 through 107 of the Complaint as if fully set forth herein.

109. It is admitted that Plaintiff seeks to sue Defendants in their individual capacities, but it is denied that this answering Defendant is liable to Plaintiff in any capacity. Except as expressly admitted, the allegations contained in Paragraph 109 of the Complaint are denied.

110. In response to the allegations contained in Paragraph 110 of the Complaint, it is admitted that on the evening of April 2, 2014, and/or the morning of April 3, 2014, that Defendant Vigeant lawfully conducted a strip search of the Plaintiff. Except as expressly admitted, the allegations contained in Paragraph 110 of the Complaint are denied.

111. In response to the allegations contained in Paragraph 111 of the Complaint, it is admitted that on the evening of April 2, 2014, and/or the morning of April 3, 2014,

that Defendant Vigeant lawfully detained and searched the Plaintiff, and that Plaintiff was lawfully and temporarily dispossessed of his personal property, specifically his clothing. Except as expressly admitted, the allegations contained in Paragraph 111 of the Complaint are denied.

112. The allegations contained in Paragraph 112 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 112 of the Complaint, said allegations are denied.

113. The allegations contained in Paragraph 113 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 113 of the Complaint, said allegations are denied.

114. The allegations contained in Paragraph 114 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 114 of the Complaint, said allegations are denied.

115. The allegations contained in Paragraph 115 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is deemed required to the allegations contained in Paragraph 115 of the Complaint, said allegations are denied. It is specifically denied that the actions of Defendant Riley were malicious, willful, wanton, and/or demonstrated a reckless disregard for Plaintiff's rights.

EACH AND EVERY ALLEGATION CONTAINED IN THE COMPLAINT, INCLUDING THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.

## SECOND DEFENSE

Defendant Riley alleges that at all times relevant to this action, he was acting as an agent of the Raleigh Police Department, and that he acted without malice and in the good faith belief that his duties were carried out in accordance with the laws and Constitution of the United States and North Carolina, and is therefore protected by the doctrine of qualified immunity as to Plaintiff's claims.

## THIRD DEFENSE

Defendant Riley was acting at all relevant times in the course and scope of his duties as a sworn law enforcement officer, engaging in discretionary and governmental functions, and he is entitled to all immunities applicable to a public officer or official, including, but not limited to, the common law defense of good faith and public official's immunity.

## FOURTH DEFENSE

The actions of Defendant Riley in connection with the detention and search of the Plaintiff was valid, lawful, reasonable, and supported by probable and just cause. Probable cause, just cause, and legal justification are pled in bar of Plaintiff's claims in this action.

## FIFTH DEFENSE

At all times relevant herein, Defendant Riley interacted with the Plaintiff reasonably and did not violate any of the Plaintiff's clearly established statutory or Constitutional rights. The Plaintiff's claims are barred by the reasonable and lawful conduct of Defendant Riley.

## SIXTH DEFENSE

Defendant Riley exercised his discretion and judgment and acted within reasonable limits in his contacts with Plaintiff given the facts and circumstances that faced him. The appropriate exercise of discretion and judgment by Defendant Riley bars Plaintiff's claims.

## SEVENTH DEFENSE

Defendant Riley pleads all applicable immunities to which he is entitled by operation of law in bar of Plaintiff's claims.

## EIGTHTH DEFENSE

Defendant Riley alleges upon information and belief that the actions of Plaintiff himself caused any injuries or damages he may have sustained, and that Plaintiff failed to prevent and/or mitigate his own damages.

## NINTH DEFENSE

At the time of the incident, Defendant Riley had a reasonable belief that his conduct was appropriate under the circumstances, and thus Plaintiff is barred from any recovery.

**TENTH DEFENSE**

Plaintiff's claim for punitive damages is barred, in whole or in part, by the limitations on punitive damages set out in Chapter 1D of the North Carolina General Statutes. Further, Defendant Riley moves for a bifurcated trial pursuant to N.C. Gen. Stat. § 1D-30.

**ELEVENTH DEFENSE**

As an additional defense to Plaintiff's claim for punitive damages, Defendant Riley asserts and pleads that even if Defendant Riley was grossly in violation of public policy and in disregard to Plaintiff's rights (which is again specifically denied), the imposition of punitive damages without meaningful standards defining the conduct justifying the imposition of such damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and comparable provisions of the North Carolina Constitution. Also, the imposition of punitive damages under current procedures would violate both of these Constitutional provisions because current procedures regarding the imposition of punitive damages do not include safeguards constitutionally required to accompany the exaction of a penalty.

**ADDITIONAL DEFENSE**

Defendant Riley reserves the right to amend his Answer and assert additional affirmative defenses as the claims of Plaintiff are more fully disclosed during the course of this litigation.

WHEREFORE, having answered each and every allegation contained in the Complaint, Defendant Riley prays the Court as follows:

1.      That the costs of this action, including, but not limited to reasonable attorney's fees, be taxed against the Plaintiff;

2.      Defendant Riley requests a trial by jury; and

3.      That the Court grant Defendant Riley such other and further relief as it deems just and proper.

Respectfully submitted, this the 10th day of February, 2016.

JACKSON LEWIS PC

BY:     */s/  Patricia L. Holland*
        PATRICIA L. HOLLAND
        N. C. State Bar No. 8816
        PAUL S. HOLSCHER
        N. C. State Bar No. 33991
        Jackson Lewis P.C.
        *Attorneys for Defendant Dennis Lyon Riley, III*
        3737 Glenwood Avenue, Ste. 450
        Raleigh, NC 27612
        Telephone:  (919) 760-6460
        Facsimile:   (919) 760-6461
        Email:  Patricia.Holland@jacksonlewis.com
        Email:  Paul.Holscher@jacksonlewis.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:15-cv-665-FL

CHARLES FRAILS,                              )
                                             )
              Plaintiff,                     )
vs.                                          )
                                             )        **CERTIFICATE OF**
DENNIS LYON RILEY, III, in his               )        **SERVICE**
individual capacity, and ERIC M.             )
VIGEANT, in his individual capacity,         )
                                             )
              Defendants.                    )

The undersigned certifies that on February 10, 2016, the foregoing *Answer and Affirmative Defenses of Defendant Dennis Lyon Riley, III* was electronically filed with the Clerk of the Court, using the Court's CM/ECF system, and served upon all counsel of record by depositing a copy of same in the United States Mail, postage prepaid and addressed as follows:

Narenda K. Ghosh
Paul E. Smith
Patterson Harkavy LLP
100 Europa Drive, Suite 420
Chapel Hill, North Carolina 27517
nghosh@pathlaw.com
psmith@pathlaw.com
*Attorneys for Plaintiff*

*/s/ Patricia L. Holland*
PATRICIA L. HOLLAND
N. C. State Bar No. 8816
PAUL S. HOLSCHER
N. C. State Bar No. 33991
Jackson Lewis P.C.
*Attorneys for Defendant Dennis Lyon Riley, III*
3737 Glenwood Avenue, Ste. 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Patricia.Holland@jacksonlewis.com
Email: Paul.Holscher@jacksonlewis.com

4820-7180-6253, v. 1